UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GAIL A., on her own behalf and on behalf
of ZACHARY A., her minor child,

        Petitioner,

   v.                                                 Case No. 06-C-1107

MARINETTE SCHOOL DISTRICT,

        Respondent.

**MEMORANDUM DECISION AND ORDER**

      Petitioner Gail A. ("Gail") seeks review of an order dismissing her request for a due process hearing under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and its Wisconsin equivalent, Wis. Stat. § 115.758 *et seq.* Administrative Law Judge (ALJ) Sally Pederson of the Wisconsin Division of Hearings and Appeals dismissed the action as moot based on her finding that the Marinette School District had already "provided and/or offered the Student appropriate remedies available under the law that sufficiently address the alleged violations." (Order of Dismissal at 4.) Petitioner filed her action for review of the ALJ's decision in the Circuit Court for Marinette County, but the district removed the case to federal court and moved for dismissal. Even though Petitioner did not file a response to the district's motion within the time allowed, I set the matter for oral argument. The case is now ripe for decision. For the reasons that follow, I conclude that the case is not moot, at least in one respect. The district's motion will therefore be denied and the case will be remanded to the ALJ for further proceedings.

**1. Parental Representation of Child's Interest**

Before proceeding to the merits, I must address the district's argument that Gail may not represent the interests of her son in federal court. In *Mosely v. Board of Educ. of City of Chicago,* the Seventh Circuit recognized that although a parent could assert her own procedural rights in federal court, she could not represent the rights of her child without hiring an attorney. 434 F.3d 527, 532 (7th Cir. 2006). Under a narrow interpretation of that decision, the district's position is indeed tenable, as Gail appears to be making several arguments on behalf of her son's substantive rights. But even though she may not represent her son's interests in federal court as to his substantive IDEA claims, she nevertheless maintains a right to represent her *own* interests in this court. In addition to asserting her son's interests here, it seems clear that Gail is also asserting her own right to have a due process hearing and represent her son's interest before a state hearing officer. Indeed, when pressed at the hearing on the district's motion to dismiss, Gail stated that her primary objective in this litigation was to obtain a due process hearing in front of the ALJ. This was recognized in *Mosely* as one of the rights a parent may assert in federal court:

> The IDEA specifically authorizes parents to request due process hearings; it allows them to appeal adverse decisions to the state educational agency; and it makes them the ones responsible for exhausting administrative remedies . . . This is enough of a procedural interest to entitle Mosely to sue on her own behalf . . .

*Id.*

It is true that many of the underlying issues before the ALJ involved her son's substantive interests, but that does not divest Gail of her standing to assert that a hearing should nevertheless have been held. This seems to have been recognized by the Seventh Circuit's decision in *Navin v. Park Ridge Sch. Dist.,* in which the parent, who had not retained counsel for his son, was deemed to have standing to assert his own right to a hearing:

> Patrick [the parent] sought the hearing because he believed not only that the school district's plan for J.P.'s education was substandard but also that the school district was not providing all of the educational benefit required by the existing plan. Nothing in the divorce decree strips Patrick of his parental interest in these matters, so the hearing officer erred in dismissing the proceeding solely on account of the divorce, and the district court erred in dismissing the ensuing suit for want of standing.

270 F.3d 1147, 1149 (7th Cir. 2001).

As in *Navin,* much of Gail's efforts in this litigation are leveled at obtaining a due process hearing that she believes was wrongly denied. Accordingly, I find that Gail may assert her claim to the extent it seeks to vindicate her own right to have had a hearing before a state hearing officer on issues she now asserts were not moot.[1]

**2. Mootness**

The ALJ dismissed the claims and canceled the due process hearing on the grounds that each of the seven issues presented for the hearing had been resolved by the parties. (Haase Aff., Ex. 1.) In the ALJ's view, any decision she rendered would not have had any impact on the education of Zachary because the district's remedies sufficiently cured any violations that may have occurred.

It seems likely that the substantive problems identified in Zachary's education had been ended by the district, especially by virtue of its changes to the IEP and convening of additional IEPs. In truth, however, it is difficult to express certainty on this point given Gail's failure to file a brief in this case. Given the lack of briefing, as well as the multifarious nature of Gail's arguments, I am unable to say that the ALJ erred in finding most of the issues moot.

---

[1] In addition, it is not at all clear that dismissal would be the proper result if I found that Gail could not represent her son's interests in federal court. Under Fed. R. Civ. P. 17(c), district courts may appoint a guardian or attorney to represent the interests of a minor. *See Wenger v. Canastota Cent. School Dist.,* 146 F.3d 123 (2d Cir. 1998).

3

Nevertheless, it remains unclear why or how the case was deemed moot as to any compensatory education that might have been required. One of the issues to have been addressed at the hearing involved whether Zachary needed extended school year services, and the district appears to have offered to provide eight hours of educational services per week for seven weeks during the summer of 2006. It is unclear from the record whether this summer schooling was intended as compensatory education to remedy any flaws in Zachary's free and appropriate public education; it is also unclear how, if that was the intent, such a remedy was deemed sufficient compensatory education. Even if the problems identified in Zachary's education had been cured in the sense that they would not recur (which would render the issues moot), that does not mean that the district actually provided the sort of education that could compensate the student for the period in which IDEA was violated. Just as a claim for reimbursement would not be rendered moot by the district's curative changes to an IEP, a claim for compensatory education would remain "live" even if the original problems were ironed out.

A case from the D.C. Circuit bears some similarity with the present facts. In *Lesesne ex rel. B.F. v. District of Columbia,* the court noted that "[a]t some point amidst Lesesne's flurry of litigation activity, the parties reached an 'agreement . . . on the record' that purported to resolve" the claims. 447 F.3d 828, 831 (D.C. Cir. 2006.) Even if the underlying IDEA claims had been addressed, however, the court found the case was not moot: "[b]ecause it does not appear that the parties' 'agreement . . . on the record' addresses Lesesne's demand for compensatory education, her complaint presented the District Court with a live controversy." *Id.* at 833. The same is true here. Even if the ALJ was correct that the substantive problems in Zachary's education had been remedied, there is no indication that the demand for compensatory education had been resolved.

4

Because I cannot conclude from the record that this issue was moot, the case will be remanded to the ALJ. *See Maine School Administrative Dist. No. 35 v. Mr. R.,* 321 F.3d 9, 20 (1st Cir. 2003) (suggesting remand if record undeveloped so as to support "highly nuanced judgments necessary to resolve the claim for compensatory education.")

Accordingly, for the reasons given herein, the motion to dismiss is **DENIED**. The case is **REMANDED** to the State of Wisconsin Division of Hearings and Appeals for further proceedings.

**SO ORDERED** this   22nd   day of March, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5